**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALTON REAL ESTATE, INC.; EAST PEORIA )<br>REAL ESTATE, INC.; JOLIET REAL ESTATE )<br>HOLDING CO.; MOLINE REAL ESTATE, INC.; )<br>PEORIA REAL ESTATE, INC.; SCHUETZ ROAD )<br>REAL ESTATE, INC.; WOOD RIVER REAL )<br>ESTATE HOLDING CO.; EDWARDSVILLE )<br>REAL ESTATE, LLC; ELGIN REAL ESTATE, )<br>LLC; INVERNESS REAL ESTATE, LLC; )<br>NORTHBROOK REAL ESTATE, LLC; )<br>ROCKFORD REAL ESTATE, LLC; )<br>ST. CHARLES REAL ESTATE, LLC; CR )<br>FINANCE II, LLC; BRAVO CARE OF ALTON, )<br>INC.; BRAVO CARE OF EAST PEORIA, INC.; )<br>BRAVO CARE OF EDWARDSVILLE, INC.; )<br>BRAVO CARE OF ELGIN, INC.; BRAVO CARE )<br>OF INVERNESS, INC.; BRAVO CARE OF )<br>JOLIET, INC.; BRAVO CARE OF MOLINE, )<br>INC.; BRAVO CARE OF NORTHBROOK, INC.; )<br>BRAVO CARE OF PEORIA, INC.; BRAVO )<br>CARE OF ROCKFORD, INC.; BRAVO CARE OF )<br>ST. CHARLES, INC.; BRAVO CARE OF )<br>ST. LOUIS, INC.; BRAVO CARE OF WOOD )<br>RIVER, INC.; MIDWEST ADMINISTRATIVE )<br>SERVICES, INC., )<br>)<br>Defendants. ) | Civil Action No. |

**DECLARATION OF JAMES M. BEAUDETTE**

Exhibit B:
Beaudette Declaration

1

I, James M. Beaudette, pursuant to Section 1746 of Title 28 of the U.S. Code, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief.

1. I am over the age of 18 and make this Declaration in support of the United States' Emergency Motion for Appointment of Receiver and Memorandum in Support related to the Rosewood Facilities, which are comprised of thirteen healthcare facilities insured by the Federal Housing Administration ("FHA") that consist of twelve skilled nursing facilities and one assisted living facility located throughout Illinois and in St. Louis, Missouri.

2. I am the Deputy Director of the Departmental Enforcement Center (the "DEC") for the United States Department of Housing and Urban Development ("HUD"). I have been employed by HUD in this capacity since May 2010.

3. I base this Declaration on documents and databases I have reviewed, information provided by my staff and my personal knowledge as the Deputy Director of the DEC.

4. My primary responsibility as the Deputy Director of the DEC is to manage the daily operations of the organization. This includes, amongst other things, the review of troubled properties. The Rosewood Facilities were referred to the DEC in an attempt to bring the projects into compliance with FHA requirements due to the Owners' failure to make mortgage payments and failure to submit audited financial statements.

5. The Rosewood Facilities are owned by: Alton Real Estate Inc., East Peoria Real Estate Inc., Edwardsville Real Estate LLC, Elgin Real Estate LLC, Inverness Real Estate LLC, Joliet Real Estate Holding Co., Moline Real Estate, Inc., Northbrook Real Estate LLC, Peoria Real Estate Inc., Rockford Real Estate LLC, St. Charles Real Estate LLC, Schuetz Road Real Estate Inc., and Wood River Real Estate Holding Company (collectively, the "Owners").

6. Each Owner entered into a Regulatory Agreement for Multifamily Housing Projects and LEAN Rider ("Owner Regulatory Agreement") with HUD, in which each Owner agreed to, amongst other things, make timely mortgage payments to its lender, timely submit annual financial statements to HUD, and only use project funds for approved use.

7. On August 31, 2015, the DEC, under my supervision, issued Notices of Violation ("NOVs") to the Owners for their failure to, amongst other things, make mortgage payments to the FHA-insured lender(s) and for allegedly misusing project funds to make mortgage payments for a non-FHA-insured facility ("Galesburg Facility"), in violation of the Owner Regulatory Agreements.

8. The DEC received no information in response to the NOVs indicating that the alleged misuse of project funds did not occur.

9. The DEC received no information indicating that misused project funds were returned to the projects, as demanded in the NOVs.

10. Additionally, the Owners were required to submit complete annual financial reports to HUD within 90 days of each fiscal year, pursuant to paragraph 9(e) of each Owner Regulatory Agreement.

11. For each Owner's fiscal year ending June 30, 2015, it failed to submit a complete annual financial report by February 1, 2016, its extended due date granted by HUD after the expiration of the 90-day period, which failure continues to the present.

12. For each Owner's fiscal year ending June 30, 2016, it failed to submit a complete annual financial report by September 28, 2016, its due date, which failure continues to the present.

13. For each Owner's fiscal year ending June 30, 2017, it failed to submit a complete annual financial report by December 31, 2017, its extended due date granted by HUD after the expiration of the 90-day period, which failure continues to the present.

14. From the Owners' fiscal year ends of 2015 through their fiscal year end of 2017, they failed to provide HUD with a complete annual financial report for each fiscal year as required by paragraph 9(e) of the Owner Regulatory Agreement.

15. Due to the Owners' failure to submit their annual financial statements as required by the Owner Regulatory Agreement, HUD is unable to determine how the Owners have used project funds for the past three years and is unable to determine the accuracy of the alleged payments for the Galesburg Facility.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
James M. Beaudette
August 17, 2018

4