UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. 18 C 5625 |
| ALTON REAL ESTATE, INC., *et al.*,[1] | District Judge: Hon. John J. Tharp, Jr. |
| Defendants. | Magistrate Judge: Hon. Mary M. Rowland |

**RECEIVER'S MOTION FOR TERMINATION OF RECEIVERSHIP**

Long Hill at Rosewood, LLC, the receiver appointed in the above-captioned case (the "Receiver"), in accordance with the *Final Order Appointing Receiver* [Docket No. 17], as amended by the *Order (I) Authorizing Financing and Granting Liens and (II) Amending Final Order Appoint Receiver* [Docket No. 67] (collectively, the "Appointment Order"), hereby files this motion requesting the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) terminating, discharging, and releasing the Receiver from it appointment as Receiver as of the end of the day on January 31, 2021; and (ii) providing that the Receiver file a final report and accounting (the "Final Report") within forty-five (45) days of the entry of the Proposed Order (the "Motion"). In support of the Motion, the Receiver respectfully states as follows:

---

[1] The defendants in this proceeding are: Alton Real Estate, Inc.; East Peoria Real Estate, Inc.; Joliet Real Estate Holding Co.; Moline Real Estate, Inc.; Peoria Real Estate, Inc.; Peoria Real Estate, Inc.; Schuetz Road Real Estate, Inc.; Wood River Real Estate Holding Co.; Edwardsville Real Estate, LLC; Elgin Real Estate, LLC; Inverness Real Estate, LLC; Northbrook Real Estate, LLC; Northbrook Real Estate, LLC; Rockford Real Estate, St. Charles Real Estate, LLC; CR Finance II, LLC; Bravo Care of Alton, Inc.; Bravo Care of Edwardsville, Inc.; Bravo Care of Elgin, Inc.; Bravo Care of Inverness, Inc.; Bravo Care of Joliet, Inc.; Bravo Care of Moline, Inc.; Bravo Care of Northbrook, Inc.; Bravo Care of Peoria, Inc.; Bravo Care of Rockford, Inc.; Bravo Care of St. Charles, Inc.; Bravo Care of St. Louis, Inc.; Bravo Care of Wood River, Inc.; and Midwest Administrative, Services, Inc., (collectively, the "Defendants").

**BACKGROUND**

1.　On August 17, 2018, the United States, on behalf of the Secretary of Housing and Urban Development ("HUD"), brought an action against the Defendants due to an approximately $146 million default on loan obligations related to thirteen healthcare facilities consisting of twelve nursing homes and one assisted living facility (collectively, the "Rosewood Facilities"). Complaint [Docket No. 1].

2.　On September 7, 2018, this Court entered the Appointment Order, pursuant to which the Receiver was appointed to oversee the Rosewood Facilities, including taking any actions necessary to administer the Rosewood Facilities until such time as "HUD completes a foreclosure sale for all thirteen facilities and transfers title and operations to the successful purchaser(s) at foreclosure, or acquires title or facilities the transfer of title and operations to a responsible third party." Appointment Order ¶ 1; *see id.* ¶¶ 2, 10–37.

3.　On January 29, 2020, this Court approved the sale and transfer of substantially all of the assets of the Rosewood Facilities pursuant to thirteen operations transfer agreements (the "Operations Transfer Agreements").[2] *See Order: (I) Approving Operations Transfer Agreements; (II) Authorizing the Transfer of the Operations Assets to the Transferee Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* [Docket No. 238] ("Sale Order").

4.　The transactions under the Operations Transfer Agreements closed on February 1, 2020 and new operators took over the Rosewood Facilities on that date. On or about February 1,

---

[2]　The Operations Transfer Agreements were filed as Exhibits B to N [Docket Nos. 228-2 to 228-14] to the *Receiver's Motion for Entry of an Order: (I) Approving the Operations Transfer Agreements; (II) Authorizing the Transfer of the Operations Assets to the Transferees Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* [Docket No. 228].

2020, HUD conducted foreclosure sales and sold the underlying real property relating to the Rosewood Facilities to affiliates of the new operators of the Rosewood Facilities.

5. The Operations Transfer Agreements provided for a reconciliation process for accounts receivable of up to twelve months post-closing and otherwise winddown operations, during which time the Receiver was to, *inter alia*, continue to oversee the administration of the Rosewood Facilities, collect outstanding receivership receivables, ensure the filing of any necessary Medicaid and Medicare cost reports, perform ongoing accounts receivable reconciliations with the new operators, process final payroll, issue employee tax forms, process vendor claims, dissolve remaining legal entities, and prepare a final accounting. *See* Operations Transfer Agreements §§ 2.2, 2.5, 7.3, 8.1–8.3, 9.1–9.5, 10.1–10.4.

6. As set forth in the Receiver's Reports filed on February 18, 2020 [Docket No. 250], June 4, 2020 [Docket No. 262], July 6, 2020 [Docket No. 269], August 3, 2020 [Docket No. 279], September 3, 2020 [Docket No. 286] and October 5, 2020 [Docket No. 293], (collectively, the "Post-Closing Reports") and in the Final Report, the Receiver has completed the remaining post-closing tasks required of the Receiver under the Operations Transfer Agreement and does not believe any material amounts will be collected on account of the accounts receivable over the next few months. Therefore, there is no need to continue the receivership past January 31, 2021.

**RELIEF REQUESTED**

7. Pursuant to Paragraphs 1 and 25 of the Appointment Order, the Receiver requests that this Court: (i) terminate, discharge, and release the Receiver from its appointment as Receiver as of the end of the day on January 31, 2021; and (ii) provide that the Receiver prepare and file the Final Report within forty-five (45) days of the entry of the Proposed Order.

**BASIS FOR RELIEF**

8. Paragraph 1 of the Appointment Order provides that the Receiver "shall serve until HUD completes a foreclosure sale for all thirteen facilities and transfers title and operations to the successful purchaser(s) at foreclosure, or acquires title or facilities the transfer of title and operations to a responsible third party, subject to Paragraph 25 of this Order." Appointment Order ¶ 1. The same paragraph further provides that "[u]pon occurrence of any of these events and the completion of any other ancillary requirements in this Order, either the United States or Receiver may move this Court for the termination of the receivership." *Id.*

9. Paragraph 25 of the Appointment Order in turn provides, in pertinent part, that "[t]he Receiver may, at any time, in its sole discretion and business judgment, file a motion requesting that it be terminated, discharged and released from all its appointments as Receiver, which such motion shall be scheduled and heard on an expedited basis." *Id.* ¶ 25.

10. The transfer of title and operations of the Rosewood Facilities to the purchasers and the subsequent winddown process have been completed in accordance with the Operations Transfer Agreements, the Sale Order, and the Appointment Order, as set forth in the Post-Closing Reports.

11. The Receiver has, therefore, accomplished the objectives of the receivership and there is no need for the receivership to continue to exist past January 31, 2021.

12. The Receiver requests that the Court provide for the preparation and filing of the Final Report within forty-five (45) days of the entry of the Proposed Order and in connection with the preparation of the Final Report, authorize the Receiver to complete the winddown of the 401(k) plan associated the Receiver notwithstanding the termination of the Receiver as of the date of entry of the Proposed Order.

13. HUD has agreed to the relief requested in this Motion. The Receiver has complied with the requirement of the Operations Transfer Agreements to keep the receivership in place through February 1, 2021 to collect accounts receivable and turn over such proceeds to HUD or the new operator, as applicable.

**WHEREFORE**, for the reasons set forth above, the Receiver requests entry of the Proposed Order: (i) terminating, discharging, and releasing the Receiver from all its appointments as Receiver as of the end of the day on January 31, 2021; and (ii) providing that the Receiver prepare and file the Final Report within forty-five (45) days of the entry of the Proposed Order.

Date: January 6, 2021　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　GREENBERG TAURIG, LLP

　　　　　　　　　　　　　　　　　　　　By: */s/ Nancy A. Petermin*
　　　　　　　　　　　　　　　　　　　　　　Nancy A. Peterman, Esq. (IL ARDC #6208120)
　　　　　　　　　　　　　　　　　　　　　　77 West Wacker Drive, Suite 3100
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 456-8400
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 456-8435
　　　　　　　　　　　　　　　　　　　　　　Petermann@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　　*Attorney for the Receiver, Long Hill at Rosewood, LLC*